[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Wichita, Kansas, on May 24, 1975. The plaintiff has resided continuously in the state of Connecticut for eighteen years. There are two children of the parties, one of whom is a minor, Sean, born April 21, 1981. The CT Page 4441 evidence indicates that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 43, enjoys good health and is a college graduate. In addition to performing the duties of a homemaker, the plaintiff works as a sales assistant at a stock brokerage firm.
The defendant, age 46, is also a college graduate. Although the defendant claims to be suffering from several physical disabilities, they do not appear to hamper his active and demanding life style. The defendant has worked as a real estate developer and enjoyed some success in the early years of the marriage.
The plaintiff describes the defendant as manipulative, controlling and arrogant and that the defendant's attitude and behavior caused this marriage to fail. The defendant admits to streaks of arrogance, and does not strongly object to the plaintiffs characterizing him as an egomaniac. The court finds that the defendant must bear the major responsibility for the breakdown of this relationship.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-81, 46b-82, and 46b-84
in reaching the decisions reflected in the orders that follow.
The following orders may enter.
(1) The court approves the joint custody agreement entered between the parties and enters the following orders in accordance with the agreement.
1.1. The Husband and Wife shall have joint custody of the minor child issue of the parties' marriage. The Wife shall be the primary residential parent and she shall have physical custody and the day-to-day responsibility of the minor child's care, education, guidance, well-being and upbringing. The parties shall exert their best efforts to create a secure and consistent environment for the minor child. therefore, the Wife shall communicate to the Husband the general childrearing principles and approaches to which the minor child is accustomed, and the Husband shall make every reasonable effort to apply similar principles while the minor child is with him. CT Page 4442
1.2 The parties shall consult and confer with each other about all major decisions regarding the minor child's health and education, with a view to arriving at a harmoniously policy calculated to promote the best interests of the minor child.
1.3 In the event that an agreement cannot be reached, the Wife shall have final authority on the decision. In the event the Husband believes said decision is contrary to the minor's child best interest, he shall have the right to challenge the same by petitioning the Superior Court.
1.4 The Husband shall have reasonable rights of visitation with the minor child. The visitation schedule shall take into account the child's schedules and activities. The periods of visitation shall include dinner one week night a week; every other weekend; and a vacation, alternating, and two weeks in the summer.
1.5 Any expenses or costs involved in the Husband's exercise of his rights of visitation pursuant to this Agreement shall be and remain his responsibility and will be paid for by him. Any such cost or expense incurred by the Husband in connection with the exercise of his rights of visitation shall be separate and apart from and in addition to any and all payments to be made to the Wife by the Husband for the support of the minor child.
(2) The defendant shall pay to the plaintiff as periodic alimony the sum of one dollar ($1) per year until the death of either party or the plaintiff's remarriage, whichever event shall first occur.
(3) Although there was conflicting testimony as to the defendant's income, the court finds that the defendant has current income in the minimum amount of $408 per week ($21,216 per year) as claimed by the plaintiff. The defendant received for the years 1993-1996 income from his partnership with his parents approximately $109,000 which is an average of about $27,000 per year. In addition the defendant has received financial assistance over the years from his parents. Until recently, the defendant has paid the mortgage monthly debt on the parties' residence and utility bills associated therewith.
The following child support order is based on the evidence referred to above. The court expects the defendant's income to CT Page 4443 increase in the future. Based on the defendant's educational background, intelligence and experience in the real estate business, there is no reason why he cannot earn an income commensurate with his opinion of his abilities. The defendant shall notify the plaintiff when he obtains employment and shall furnish the plaintiff copies of his annual federal income tax returns for as long as the defendant is obligated to pay alimony or child support.
In accordance with the child support guidelines, the defendant's obligation for child support is $103 per week. The defendant shall pay said sum weekly to the plaintiff as a contribution to the support of the minor child. The payments shall commence on July 1, 1996 and weekly thereafter, in advance, and continue until the child's death or his reaching his majority, whichever event first occurs. A contingent wage withholding order may enter.
(4) The plaintiff shall retain sole ownership of the marital residence in Stamford and indemnify and hold the defendant harmless with respect to the first mortgage. The defendant shall be solely responsible for the payment of the collateral loan secured by a lien and indemnify and hold the plaintiff harmless with respect thereto.
The defendant shall vacate the marital residence no later than July 1, 1996. In the event of an appeal of this judgment by the defendant, this order shall remain in effect and not be stayed by the appeal. The continuation of the parties living together would not be in their best interests and would be detrimental to the welfare of their children.
(5) The plaintiff shall continue to maintain medical insurance for the benefit of the minor child. Any unreimbursed medical expenses shall be equally shared by the parties. The plaintiff shall cooperate in the defendant's exercise of his COBRA rights. Any costs shall be the responsibility of the defendant.
(6) The defendant is awarded his interests in KM-MUNC, LP, ARD Mount Olive Associates Limited Partnership (owner of Dyrham Wood) and all other interests in the business entities listed on his financial affidavit free and clear of any claims by the plaintiff. CT Page 4444
In the event that Mount Olive Associates Limited Partnership realizes a profit within five years of the date of this memorandum, after the payment of all debts and taxes owed by the defendant, including the payment of the $200,000 collateral loan, and payment of all capital gains taxes from the sale of the Greenwich and Stamford residences of the parties, the net profit shall be divided as follows: the first $200,000 to the defendant and the balance to be equally divided between the parties.
(7) The plaintiff shall retain the following furniture and furnishings located in the marital residence:
1. Furniture and property in children's rooms.
2. All living room furniture, paintings and accessories, including, but not limited to, sofas, upholstered chairs, tables, lamps, grandfather clock, piano, two side chairs, children's portraits, landscape painting, curio cabinet and knick knacks.
3. Two wing chairs and large acrylic painting by Pawel Kontney, both in den.
4. Master bedroom furniture and two print by Gisson.
5. Dining room table, chandelier, breakfront (china cabinet), and bronze sculpture by Harry Jackson.
6. All china, crystal, silver and kitchen accessories.
7. Two large pink and ivory oriental rugs.
8. One medium pink and ivory oriental rug.
9. Pine rocker and dresser.
10. Photographs and photo albums.
11. Lawn maintenance tools and lawn mower.
12. Plaintiff's clothes and accessories.
13. Television and VCR in master bedroom and small television in kitchen.
(8) The defendant shall assume the debts to Greenwich Academy CT Page 4445 and Greenwich Country Day School. The defendant shall indemnify and hold the plaintiff harmless with respect to all debts listed on his financial affidavit. The defendant shall be solely responsible for the payment of the $200,000 collateral business loan which encumbers the marital residence and all capital gains taxes due on the sale of the Greenwich home and the Stamford home whenever said taxes become due and owing.
The plaintiff shall be solely responsible for the liabilities listed on her financial affidavit, that are not included in the defendant's affidavit, and indemnify and hold the defendant harmless from any liability thereon.
The defendant shall bring current through June, 1996 all mortgage payments (principal and interest) and utility bills due on marital residence.
(9) The plaintiff may claim the minor child as a dependent for income tax purposes.
(10) The defendant shall retain his Mercedes automobiles, and the plaintiffs hall retain the two Toyotas.
Judgment may enter accordingly.
NOVACK, J.